IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

v.                                 No.    CV 16-0583 MV/LAM
                                                                   CR 06-0842 MV

**LAWRENCE PAUL TOLENTINO,**

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 Motion [*Doc. 1*],[2] filed on June 15, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on August 30, 2016 [*Doc. 7*], and Defendant filed a reply on September 26, 2016 [*Doc. 11*]. United States District Judge Martha Vázquez referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the motion, response, reply, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0583 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-06-842 cited in this decision will be designated as "*Cr.Doc.*"

No. CR-06-842, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice**.

### Factual and Procedural Background

On September 9, 2006, pursuant to a Plea Agreement [*Cr.Doc. 16*], Defendant pled guilty to Count One in his Indictment [*Cr.Doc. 1*] charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The parties state that Defendant was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which mandates a minimum sentence of 180 months (15 years).  *See* [*Doc. 1* at 3] and [*Doc. 7* at 2].[3]  The parties state that Defendant was subject to the ACCA based on two prior convictions for residential burglary, and one prior conviction for possession with intent to distribute cocaine.  *See* [*Doc. 1* at 3] and [*Doc. 7* at 2].  In addition, Defendant states that his base offense level under the Sentencing Guidelines was 24 and was based, in part, on his prior convictions for residential burglary.  *See* [*Doc. 1* at 2-3].  On December 12, 2006, the presiding judge imposed a 180-month sentence, with 3 years of supervised release.  *See* [*Cr.Doc. 21* at 2-3].

In his § 2255 motion, Defendant contends that his prior convictions for residential burglary no longer qualify as convictions for crimes of violence for purposes of either the ACCA or the Sentencing Guidelines pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, therefore, cannot be used to enhance his sentence.  [*Doc. 1* at 6].  Defendant asks the Court to vacate his sentence and resentence him without application of the ACCA.  *Id.* at 9.

---

[3] While both parties cite to Defendant's Presentence Report ("PSR"), the PSR has not been filed in either Defendant's civil or criminal cases, and neither party has provided the Court with a copy of the PSR.  Nevertheless, since the parties do not dispute the information in the PSR, the Court will rely on the parties' statements in their briefs regarding the content of the PSR.

**Discussion**

Under the ACCA, an individual who violates § 922 (g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence.  18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).  The emphasized clause is referred to as the "residual clause," and in *Johnson* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution.  *Johnson*, 135 S.Ct. at 2557.

In his § 2255 motion, Defendant contends that, following the holding in *Johnson*, his prior convictions for residential burglary can only qualify as violent felonies under the force clause (§ 924(e)(2)(B)(i)) or as enumerated offenses (§ 924(e)(2)(B)(ii)) under the ACCA.  [*Doc. 1* at 7]. Defendant contends that these convictions do not fall under the ACCA's force clause because the statute under which he was convicted, N.M.S.A. 1978 § 30-16-3, does not contain as an element the use, attempted use, or threatened use of physical force against another person.  *Id.*   Defendant also contends that his residential burglary convictions do not fall under the ACCA's enumerated clause because New Mexico's burglary statute is broader than the federal, generic definition

because New Mexico burglary applies to vehicles, watercrafts, and aircrafts, whether movable or immovable, and because New Mexico defines "dwelling house" broadly.  *Id.* at 7-8.

In response, the Government contends that Defendant's convictions for residential burglary qualify as ACCA-predicate offenses because they "are the same as, or narrower than, the Supreme Court's definition of generic burglary."  [*Doc. 7* at 1].  The Government contends that New Mexico's burglary statute, N.M.S.A. § 30-16-3, "has two alternative subsections with different penalties" and, "[t]hus, because these two alternatives have different penalties, they constitute different elements."  *Id.* at 5 (citing *Mathis v. United States*, 136 S.Ct. 2243, 2256 (2016)).  Therefore, the Government states that "the [C]ourt may apply the modified categorical approach to determine which subsection formed the basis of [D]efendant's convictions in this case."  *Id.* at 5-6 (citing *Mathis*, 136 S.Ct. at 2256).  The Government contends that Defendant's argument that § 30-16-3(A) is broader than generic burglary because it includes vehicles, watercrafts, and aircrafts "improperly conflates and blurs the lines between the two subsections of New Mexico's burglary statute."  *Id.* at 6.  Because Defendant was convicted of residential burglary under subsection A, and the elements of subsection A are the same or narrower than the federal, generic definition, the Government contends that Defendant's convictions for residential burglary qualify as violent felonies under the ACCA.  *Id.* at 6-7.  The Government further contends that New Mexico's definition of "dwelling house" in § 30-16-3(A) is not broader than federal, generic burglary because "dwelling house" is defined in New Mexico as "'any structure, any part of which is customarily used as living quarters.'"  *Id.* at 8 (quoting *State v. Ross*, 1983-NMCA-065, ¶ 11, 100 N.M. 48, 665 P.2d 310).

In reply, Defendant again argues that subsection A of New Mexico's burglary statute is broader than the federal, generic definition of burglary because it includes burglary of places that are not buildings or structures.  [*Doc. 11* at 2].  Defendant contends that, while the term

"dwelling house" is defined as "'any structure, any part of which is customarily used as living quarters'" (*id.*, citing UJI 14-1631, N.M.R.A, and *Ross*, 1983-NMCA-065, ¶ 11), this definition can include movable vehicles (*id.* at 3). Specifically, Defendant contends that New Mexico courts have defined a "structure" under § 30-16-3 to include mobile homes and trailers, and, therefore, the statute is broader than the federal, generic definition. *See id.* at 3-7. Defendant contends that New Mexico's burglary statute is similar to the Iowa statute at issue in *Mathis*, which was found to be broader than the federal, generic definition because it "'define[d] one crime, with one set of elements, broader than generic burglary--while specifying multiple means of fulfilling its locational element, some but not all of which (*i.e.*, buildings and other structures, but not vehicles) satisfy the generic definition.'" *Id.* at 7 (quoting *Mathis*, 136 S.Ct. at 2250). Defendant also contends that the Government improperly relies on *United States v. Ramon Silva*, 608 F.3d 663 (10th Cir. 2010) to support its argument that New Mexico residential burglary qualifies as federal, generic burglary, because *Ramon Silva* was decided before *Mathis*, and "the definition of what is a 'building or other structure' for purposes of generic burglary adopted in *Ramon Silva* is more limited than the expansive definition of 'structure' in New Mexico." *Id.* at 8. Finally, Defendant notes that other federal and circuit courts have found that other states' burglary statutes that include burglary of a mobile home or trailer are overbroad and, therefore, cannot be used as ACCA predicates. *Id.* at 10-12.

Based on the foregoing, the Court must determine whether Defendant's convictions for residential burglary fall under the enumerated clause of the ACCA, § 924(e)(2)(B)(ii).[4] To

---

[4] The Government does not appear to dispute Defendant's contentions that his burglary convictions do not fall under the force clause of the ACCA (§ 924(e)(2)(B)(i)), or that they no longer qualify under the residual clause pursuant to the holding in *Johnson* (§ 924(e)(2)(B)(ii) - "otherwise involves conduct that presents a serious potential risk of physical injury to another"). *See* [Doc. 7 at 2-9] (addressing only whether or not these convictions fall under the enumerated clause, § 924(e)(2)(B)(ii)). In addition, while Defendant states in his § 2255 motion that his prior convictions for residential burglary no longer qualify as convictions for crimes of violence for purposes of the

determine whether a past conviction qualifies as one of the offenses enumerated at § 924(e)(2)(B)(ii), courts compare the elements of the crime of conviction with the elements of the federal, generic version of the listed offense. *See Mathis*, 136 S.Ct. at 2248. "To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 600-01 (1990)). A prior conviction qualifies as an ACCA-predicate offense "if its *elements* are the same as, or narrower than, those of the generic offense." *Id.* However, "if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' -- even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* The federal, generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Thus, when a burglary statute is broader than this generic definition, then the statute may not be used as an ACCA-qualifying predicate offense under the enumerated clause. *See, e.g., Descamps v. United States*, 133 S.Ct. 2276, 2282-83 (2013) (finding that California's burglary statute, which provides that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary," is broader than federal generic burglary because it criminalizes entering a location, even lawfully, with the intent to steal, whereas generic burglary requires an unlawful or unprivileged entry).

When a statute has a "divisible" structure, whereby it lists elements in the alternative and defines multiple crimes, a court must discern which of the alternative elements listed was necessary

---

Sentencing Guidelines (*see Doc. 1* at 5-6 and fn. 4), this issue was not briefed by either party. Therefore, the Court will focus on whether Defendant's residential burglary convictions fall under the enumerated clause of the ACCA.

for the defendant's conviction. *See Mathis*, 136 S.Ct. at 2249.  To do so, courts use a "modified categorical approach," under which a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Id.* (citations omitted).  "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense."  *Id.*  When faced with an "alternatively phrased" statute which "enumerates various factual means of committing a single element" (*id.*, citation omitted), a court must "determine whether [the statute's] listed items are elements or means" (*id.* at 2256).  "If they are elements, the court should . . . review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime."  *Id.* (citation omitted).  However, if the listed items "are means [of committing a single element], the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution," and "[g]iven ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match."  *Id.*

To determine whether a statute lists elements or means, a court should look to see if state court decisions are of assistance, as the Supreme Court did in *Mathis* when it looked to an Iowa Supreme Court decision regarding Iowa's burglary law, which held that the various premises listed in the burglary statute at issue were "alternative methods of committing one offense, so that a jury need not agree whether the burgled location was a building, other structure, or vehicle."  *Id.* (citing *State of Iowa v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (internal quotation marks and brackets omitted).  The Supreme Court stated that when "a state court decision definitively answers the question . . . , a sentencing judge need only follow what it says."  *Id.*  (citation omitted).  In addition, the Supreme Court instructs that "the statute on its face may resolve the issue," and that "[i]f statutory alternatives carry different punishments, then . . . they must be elements," but "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission."  *Id.* (citations and

internal quotations marks omitted).  Finally, if state law fails to provide clear answers, the Supreme Court states that the court may "peek" at the record of a prior conviction itself "for the sole and limited purpose" of determining whether the listed items are means or elements.  *Id.* at 2256-57 (citation and internal quotation marks omitted).

The burglary statute at issue in this case reads:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> > A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
> >
> > B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M.S.A. 1978 § 30-16-3.  In his reply, Defendant first contends that the Court should analyze whether the entire burglary statute is broader than the federal, generic definition, instead of whether the statute is divisible.  *See* [*Doc. 11* at 1] (stating that making the divisibility determination before determining whether the statute is broader than the federal, generic definition "puts the cart before the horse").  The Court rejects this contention.  *Mathis* instructs that "[t]he *first* task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means," and, after making "[t]his threshold inquiry -- elements or means?," if the court determines that they are elements, the court must "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction."  *Mathis*, 136 S.Ct. at 2256 (emphasis added).  Once this determination is made, the court then compares the element of the statute necessary for the defendant's conviction to the federal, generic definition.  *Id.*  New Mexico's burglary statute as a whole is broader than the generic definition of burglary approved in *Taylor* because subsection B criminalizes the unauthorized entry of vehicles, watercraft and aircraft.  *See,*

8

*e.g., Ramon Silva*, 608 F.3d at 668 ("[W]e conclude that the 'building or other structure' element in generic burglary encompasses those burglaries that have been 'committed in a building or enclosed space, not in a boat or motor vehicle.'") (citation and ellipsis omitted).   However, the Court finds that this statute is divisible into two separate elements: subsection A, the burglary of a "dwelling house," a third degree felony; and subsection B, non-residential (or commercial) burglary, a fourth degree felony.   *See State v. Ervin*, 1981-NMCA-068, ¶ 3, 96 N.M. 366, 630 P.2d 765 ("Our burglary statute [] differentiates between residential burglary and burglary of other structures.").   Because this statute is divisible into these two elements, the Court may examine the state court documents that were used to convict Defendant in order to determine whether Defendant was convicted under subsection A or subsection B.   *See Mathis*, 136 S.Ct. at 2249 (describing the modified categorical approach). Defendant states that his ACCA-qualifying convictions were for two counts of residential burglary under New Mexico law, and a Texas conviction for possession with intent to distribute cocaine (*see Doc. 1* at 3), and the Government attached to its response brief state court documents relating to defendant's two convictions for residential burglary (*see Doc. 7-1* at 1 and 7).   Therefore, the issue before the Court is whether subsection A of New Mexico's burglary statute is broader than the federal, generic definition of burglary.

Defendant next contends that his residential burglary convictions are broader than the federal, generic definition because New Mexico defines "dwelling house" to apply to vehicles, watercrafts, and aircrafts, whether movable or immovable.   *See* [*Doc. 1* at 7-8].   In his reply brief, Defendant contends that "movable structures, such as mobile homes and trailers, are within the scope of New Mexico's burglary laws, and can be "dwellings." [*Doc. 11* at 3] (relying on *State v. Anaya*, No. 34,279, 2015 WL 2092804 (N.M. May 4, 2015) (unpublished) and *State v. Daugherty*, No. 32,829, 2013 WL 4105525 (N.M. Aug. 1, 2013) (unpublished), both upholding aggravated burglary convictions where the unauthorized entry was into a trailer and mobile home, respectively).

9

Defendant further contends that the New Mexico Court of Appeals in *State v. Foulenfont*, 1995-NMCA-028, ¶ 11, 119 N.M. 788, 895 P.2d 1329 defined "other structure" in § 30-16-3 to include vehicles, watercraft and aircraft, and that this definition is not limited to subsection B but, instead, "defines all types of New Mexico burglary." *Id.* at 4. Defendant also contends that the case *New Mexico v. Office of the Public Defender ex rel. Muqqddin*, 2012-NMSC-029, __ N.M. __, 285 P.3d 622, supports a finding that "under New Mexico law, a 'structure, movable or immovable' is any 'enclosure' providing notice that the space is private." *Id.* at 5.

Section 30-16-3(A) prohibits "enter[ing] [without authorization] a dwelling house with intent to commit any felony or theft therein," and New Mexico's criminal jury instructions define "dwelling" as "any structure, any part of which is customarily used as living quarters" (N.M. UJI 14-1631, N.M.R.A.). First, the Court rejects Defendant's contention that residential burglary under subsection A of New Mexico's burglary statute encompasses burglary of any and all structures listed in § 30-16-3 (whether enumerated in subsection A or subsection B). *See* [*Doc. 11* at 2]. The Court finds that such an interpretation defies a plain-text reading of the statute and disregards the "threshold inquiry" of determining divisibility that *Mathis* instructs the Court to undertake. New Mexico's burglary statute separates residential burglary from all other types of burglaries, and provides two different punishments for the crimes -- subsection A (dwelling houses, a third degree felony) and subsection B (vehicles, watercrafts, aircrafts, and other structures, movable or immovable, a fourth degree felony). *See* § 30-16-3(A)-(B). The Court rejects Defendant's invitation to read subsection A as encompassing burglary of a vehicle, watercraft, aircraft, or other structure, because that would render subsection B superfluous. Instead, the Court finds that *Mathis* provides that the Court may not analyze a statute globally when the statute, like the New Mexico burglary statute here, is divisible. The Court finds that the case *State v. Ruiz*, 1980-NMCA-123, 94 N.M. 771, 617 P.2d 160, supports such a finding. In *Ruiz*, the New Mexico Court of Appeals addressed the meaning of "dwelling house" in considering whether criminal trespass is a lesser included offense of residential burglary.

*Id.* ¶¶ 37-50.  The Court of Appeals stated that "[t]he offense charged was burglary of a dwelling house; thus, we are not concerned with vehicles, watercraft or aircraft, or other structures" (*id.* at ¶ 39), and explained that, in finding that trespass is a lesser included offense of residential burglary because entry of a dwelling house necessarily means entry upon the lands of another, "[t]his reasoning, of course, would not apply if the burglary was of a vehicle, watercraft or aircraft" (*id.* at ¶ 45).  For the reasons set forth above, the Court finds that the definition of residential burglary in subsection A does not includes the structures listed in subsection B, and rejects Defendant's reliance on New Mexico case law interpreting *non-residential* burglary under subsection B for this contention.  *See* [*Doc. 11* at 3] (relying on *Foulenfont*, which considered whether a fence was a structure for purposes of subsection B), and *id.* at 4-7 (relying on *Muqqddin*, which considered whether penetration of a van's gas tank with a nail and removal of a vehicle's wheels constitute entry for purposes of subsection B).

Next, the Court finds unpersuasive Defendant's reliance on *Anaya* and *Daugherty* for his argument that movable structures, such as mobile homes and trailers, are within the scope of subsection A.  *See* [*Doc. 11* at 3].  In each of these cases, the New Mexico Supreme Court upheld the defendants' convictions for aggravated burglary where the defendants burglarized a trailer and a mobile home, respectively.  *See Anaya*, 2015 WL 2092804, at *4, and *Daugherty*, 2013 WL 4105525, at *2 and *4.  While the New Mexico Supreme Court referred to the burglarized structures in these cases, *i.e.*, the trailer and the mobile home, as a "dwelling or other structure" and "dwelling," respectively, the state court was considering convictions under New Mexico's aggravated burglary statute, § 30-16-4.  This statute prohibits "the unauthorized entry of any vehicle watercraft, aircraft, dwelling or other structure, movable or immovable, with intent to commit any felony or theft therein and the person either" is armed, arms himself after entering, or commits a battery upon a person while in such place, or in entering or leaving.  N.M.S.A. § 30-16-4, 1978.  This statute is not split into subsections, so the New Mexico Supreme Court in *Anaya* and *Daugherty* was not faced with determining whether the burglarized mobile home and trailer constitute dwellings.  Moreover, the

11

New Mexico Supreme Court in those cases did not engage in such an analysis, and, instead, merely referred to the structures in passing as a "dwelling or other structure" and a "dwelling." The Court, therefore, does not find that these cases support a finding that New Mexico's residential burglary statute necessarily encompasses mobile homes or trailers.

Regardless, even if New Mexico's residential burglary statute does include mobile homes, trailers, or similar structures that are used as habitations, the Tenth Circuit has held that federal, generic burglary also encompasses these types of structures. Federal, generic burglary excludes the burglary of "vehicles," that is, movable structures used for transportation. *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (stating that generic burglary is limited to burglaries "committed in a building or enclosed space . . . , not in a boat or motor vehicle"), and *Mathis*, 136 S. Ct. at 2250 (finding that an Iowa statute was overbroad where it reached "any building, structure, *[or] land, water, or air vehicle*"). However, this does not mean that federal, generic burglary cannot encompass the burglary of any movable structure when such structure is used as a habitation. In *United States v. Spring*, the Tenth Circuit considered whether a Texas statute prohibiting burglary of a "habitation," defined as "a structure or vehicle that is adapted for the overnight accommodation of persons," is broader than the federal, generic elements of burglary. 80 F.3d 1450, 1462 (10th Cir. 1996). The Tenth Circuit held that "the statutory elements of burglary of a habitation under Texas law substantially correspond to the generic elements of burglary contained in *Taylor*," explaining that "the Texas Code definition of habitation does not include vehicles in the sense in which *Taylor* intended," and, instead, includes "[o]nly vehicles which are adapted for the overnight accommodation of persons." *Id.* (citation and internal quotation marks omitted). In reaching this conclusion, the Tenth Circuit noted that "'[t]he burglary of a mobile home or 'vehicle adapted for the overnight accommodation of persons' is not analogous to the theft of an automobile or to the other property crimes whose relative lack of severity the *Taylor* Court (and presumably, Congress) meant to exclude from its generic definition.'" *Id.* (citation omitted). Therefore, the Tenth Circuit found that the burglary of a mobile home or similar

structure is more like the burglary of a home than a vehicle, and even stated that burglary of a mobile home or camper "'is often likely to pose a greater risk of violence to the occupant or owner than the burglary of a building or house because it is more difficult for the burglar to enter or escape unnoticed.'"  *Id.* (citation omitted).

Without citing it, the Tenth Circuit reiterated the holding of *Spring* in *Ramon Silva*, where it found that "the generic definition [of burglary] broadly construes the possible settings for burglary," and is not restricted to "permanent" spaces "designed for human habitation or business."  608 F.3d at 668 (citations and internal quotation marks omitted).  Defendant contends that the Government's reliance on *Ramon Silva* is misplaced because *Mathis* "makes plain that *Ramon Silva* misapplied the modified categorical approach to New Mexico's burglary statute."  [*Doc. 11* at 8].  Whether or not the Tenth Circuit in *Ramon Silva* misapplied the modified categorical approach is irrelevant, however, because the Court does not rely on the case for its application of the modified categorical approach.  Instead, the Court relies on the Tenth Circuit's explanation in *Ramon Silva* that federal, generic burglary is "coterminous" with a state statute that prohibits burglary of "a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles or other conveyances whose primary purpose is transportation."  *Id.* (citation and internal quotation marks omitted).  Therefore, since mobile homes, trailers, and similar structures used for habitation appear to satisfy the federal, generic definition of burglary's locational element, the Court rejects Defendant's contention that New Mexico cases finding that residential burglary includes these structures as well renders New Mexico's residential burglary statute broader than the federal, generic definition.

Finally, the Court rejects Defendant's contention that it should follow the holdings in cases in other districts and circuits that have found that state burglary statutes that encompass movable structures are broader than the federal, generic definition.  *See* [*Doc. 11* at 10-12] (citing to Fourth Circuit and District of Kansas cases finding that other states' burglary statutes are broader than the

federal, generic definition because they encompass movable structures). While these cases may provide support for Defendant's arguments, none of them are binding on the Court. Moreover, at least two cases in this Court have reached the same conclusion as the undersigned that New Mexico's residential burglary statute is not broader than the federal, generic definition of burglary. *See, e.g., Turrieta v. United States*, No. 16-CIV-395 JAP/KK (Doc. 10), and *United States v. Sanchez*, No. 15-CIV-1188 JB/SMV (Doc. 17).

Based on the foregoing, the Court finds that New Mexico's burglary statute is divisible, and that subsection A is not broader than the federal, generic definition of burglary. Therefore, the Court finds that Defendant's convictions for residential burglary fall under the enumerated clause of the ACCA and that Defendant was properly sentenced, and recommends denying Defendant's § 2255 motion to vacate his sentence.

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**