IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        Plaintiff/Respondent,

v.                                                           No. CV 16-0583 MV/LAM
                                                          CR-06-0842 MV

LAWRENCE PAUL TOLENTINO,

        Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 12)* [1] (hereinafter "PF&RD"), filed on February 17, 2017, which recommended denying Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*], filed on June 15, 2016. Defendant filed objections to the PF&RD [*Doc. 13*] on March 1, 2017. The Government did not respond to Defendant's objections and the time for doing so has passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that the objections are without merit. Accordingly, the Court will: (1) overrule the Defendant's objections as meritless; (2) adopt the PF&RD; (3) deny Defendant's § 2255 motion; and (4) enter a final judgment dismissing this case with prejudice.

---

[1] Hereinafter, all documents from Case No. CIV-16-0583 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-06-842 cited in this decision will be designated as "*Cr.Doc.*"

## Background

As explained in the PF&RD, Defendant pled guilty in 2006 to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See* [*Doc. 12* at 2] (citing *Cr.Doc. 16* and *Cr.Doc. 1*). The parties state that Defendant was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which mandates a minimum sentence of 180 months (15 years), based on two prior convictions for residential burglary and one prior conviction for possession with intent to distribute cocaine. *See* [*Doc. 1* at 3] and [*Doc. 7* at 2]. Defendant also states that his base offense level under the Sentencing Guidelines was 24 and was based, in part, on his prior convictions for residential burglary. *See* [*Doc. 1* at 2-3]. On December 12, 2006, the presiding judge imposed a 180-month sentence, with 3 years of supervised release. *See* [*Cr.Doc. 21* at 2-3].

In his § 2255 motion, Defendant contends that, pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for residential burglary no longer qualify as convictions for crimes of violence for purposes of the ACCA or the Sentencing Guidelines, and, therefore, cannot be used to enhance his sentence. [*Doc. 1* at 6]. As explained in the PF&RD (*see Doc. 12* at 3), in *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015). The Magistrate Judge noted that "[t]he Government does not appear to dispute Defendant's contentions that his burglary convictions do not fall under the force clause of the ACCA (§ 924(e)(2)(B)(i)), or that they no longer qualify under the residual clause pursuant to the holding in *Johnson*." [*Doc. 12* at 5, n.4]. The Magistrate Judge further noted that neither party briefed the issue of whether Defendant's residential burglary convictions qualify as convictions for crimes of violence under the Sentencing

Guidelines. *Id.* at 5-6, n.4. Therefore, the Magistrate Judge considered whether Defendant's residential burglary convictions fall under the ACCA's enumerated clause. *Id.*

The Magistrate Judge explained that, in order to determine whether a past conviction qualifies as one of the ACCA's enumerated offenses, "courts compare the elements of the crime of conviction with the elements of the federal, generic version of the listed offense." *Id*. at 5-6 (citing *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016)). The Magistrate Judge further explained:

> A prior conviction qualifies as an ACCA-predicate offense 'if its *elements* are the same as, or narrower than, those of the generic offense.' *Mathis*, 136 S.Ct. at 2248. However, 'if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA "burglary" -- even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries.' *Id.* The federal, generic definition of burglary is 'an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' *Taylor v. United States*, 495 U.S. 575, 599 (1990). Thus, when a burglary statute is broader than the generic definition, then the statute may not be used as an ACCA-qualifying predicate offense under the enumerated clause. *See, e.g., Descamps v. United States*, 133 S.Ct. 2276, 2282-83 (2013) (finding that California's burglary statute, which provides that a 'person who enters' certain locations 'with intent to commit grand or petit larceny or any felony is guilty of burglary,' is broader than federal generic burglary because it criminalizes entering a location, even lawfully, with the intent to steal, whereas generic burglary requires an unlawful or unprivileged entry).
>
> When a statute has a 'divisible' structure, whereby it lists elements in the alternative and defines multiple crimes, a court must discern which of the alternative elements listed was necessary for the defendant's conviction. *See Mathis*, 136 S.Ct. at 2249. To do so, courts use a 'modified categorical approach,' under which a court 'looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.' *Mathis*, 136 S.Ct. at 2249 (citations omitted). 'The court can then compare that crime, as the categorical approach commands, with the relevant generic offense.' *Id.* When faced with an 'alternatively phrased' statute which 'enumerates various factual means of committing a

single element' (*id.*), a court must 'determine whether [the statute's] listed items are elements or means' (*id.* at 2256). 'If they are elements, the court should . . . review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime.' *Id.* (citation omitted). However, if the listed items 'are means [of committing a single element], the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution,' and '[g]iven ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match.' *Id.*

To determine whether a statute lists elements or means, a court should look to see if state court decisions are of assistance, as the Supreme Court did in *Mathis* when it looked to an Iowa Supreme Court decision regarding Iowa's burglary law, which held that the various premises listed in the burglary statute at issue were 'alternative methods of committing one offense, so that a jury need not agree whether the burgled location was a building, other structure, or vehicle.' *Id.* (citing *State of Iowa v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (internal quotation marks and brackets omitted). The Supreme Court stated that '[w]hen a ruling of that kind exists, a sentencing judge need only follow what it says.' *Id.* (citation omitted). In addition, the Supreme Court instructs that 'the statute on its face may resolve the issue,' and that '[i]f statutory alternatives carry different punishments, then . . . they must be elements,' but 'if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission.' *Id.* (citations and internal quotations marks omitted). Finally, if state law fails to provide clear answers, the Supreme Court states that the court may 'peek' at the record of a prior conviction itself for 'the sole and limited purpose' of determining whether the listed items are means or elements. *Id.* at 2256-57 (citation and internal quotation marks omitted).

The burglary statute at issue in this case reads:

Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable

4

> or immovable, with intent to commit any felony or
> theft therein is guilty of a fourth degree felony.

N.M.S.A. 1978 § 30-16-3.

[*Doc. 12* at 6-8].

Relying on *Mathis*, 136 S.Ct. at 2256 ("[t]he *first* task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means" (emphasis added)), the Magistrate Judge rejected Defendant's contention that the Court must first analyze whether the entire burglary statute is broader than the federal, generic definition, instead of whether the statute is divisible. *See id.* at 8 (citing *Doc. 11* at 1). The Magistrate Judge then found that the alternative elements in this statute are separated into subsections A and B, wherein subsection A is burglary of a "dwelling house," a third degree felony, and subsection B is non-residential (or commercial) burglary, a fourth degree felony. *Id.* at 9. Since both Defendant and the Government agreed that Defendant's burglary convictions were for residential burglary (*see Doc. 1* at 3, and *Doc. 7-1* at 1 and 7), the Magistrate Judge defined the issue as "whether subsection A of New Mexico's burglary statute is broader than the federal, generic definition of burglary" (*see Doc. 12* at 9).

Next, the Magistrate Judge considered Defendant's contention that the statute under which he was convicted is broader than the federal, generic definition because New Mexico defines the term "dwelling house" to include vehicles, watercrafts, and aircrafts, whether movable or immovable. *See id.* (citing *Doc. 1* at 7-8). The Magistrate Judge described Defendant's interpretation of the residential burglary provision as "encompass[ing] burglary of any and all structures listed in § 30-16-3," regardless of the division between subsections A and B (*id.* at 10), then rejected it as both "defy[ing] a plain-text reading of the statute, and disregard[ing]" the *Mathis* "threshold inquiry" of divisibility. *Id*. The Magistrate Judge rejected "Defendant's invitation to read subsection A [of the statute] as encompassing burglary of a vehicle, watercraft, aircraft, or other structure, because that would render subsection B superfluous." *Id*. Instead, the

5

Magistrate Judge found that "*Mathis* provides that the Court may not analyze a statute globally when the statute, like the New Mexico burglary statute here, is divisible." *Id*. Noting that New Mexico's uniform criminal jury instructions define "dwelling" as "any structure, any part of which is customarily used as living quarters" (N.M. UJI 14-1631, N.M.R.A.) (*id.*), the Magistrate Judge relied on the statement in *State v. Ruiz*, 1980-NMCA-123, 94 N.M. 771, 617 P.2d 160 that "[t]he offense charged was burglary of a dwelling house [subsection A]; thus, we are not concerned with vehicles, watercraft or aircraft, or other structures [subsection B]" (*id.* at ¶ 39), as supportive of the divisibility of the subsections of § 30-16-3. *Id*. at 10-11.

The Magistrate Judge also rejected as unpersuasive Defendant's reliance on *State v. Anaya*, No. 34,279, 2015 WL 2092804 (N.M. May 4, 2015) (unpublished) and *State v. Daugherty*, No. 32,829, 2013 WL 4105525 (N.M. Aug. 1, 2013) (unpublished), on the ground that both of those cases involve the statute for aggravated burglary under N.M.S.A. § 30-16-4, 1978, rather than residential burglary under § 30-16-3(A). *Id*. at 11. Aggravated burglary is "the unauthorized entry of any vehicle watercraft, aircraft, dwelling or other structure, movable or immovable, with intent to commit any felony or theft therein and the person either" is armed, arms himself after entering, or commits a battery upon a person while in such place, or in entering or leaving. N.M.S.A. § 30-16-4, 1978. The Magistrate Judge explained that, unlike § 30-16-3, the aggravated burglary statute is not split into subsections and, therefore, the New Mexico Supreme Court was not faced in either *Anaya* or *Daugherty* with determining whether the burglarized mobile home and trailer constituted "dwelling houses," as is required by the residential burglary statute. *See* [*Doc. 12* at 11-12]. The Magistrate Judge, therefore, found that those cases do not support Defendant's claim that New Mexico's residential burglary statute necessarily encompasses mobile homes or trailers. *Id*. at 12.

Alternatively, the Magistrate Judge noted that, even if New Mexico's residential burglary statute (§ 30-16-3(A)) does include mobile homes, trailers, or similar structures used as habitations within the term "dwelling house," the result would be the same because "federal, generic burglary also encompasses these types of structures." *Id*. The Magistrate Judge explained that "[f]ederal, generic burglary excludes the burglary of 'vehicles,' that is, movable structures used for transportation." *Id.* (relying on *Shepard v. United States*, 544 U.S. 13, 16 (2005), which states that generic burglary is limited to burglaries "committed in a building or enclosed space . . . , not in a boat or motor vehicle"), and *Mathis*, 136 S. Ct. at 2250 (finding that an Iowa statute was overbroad where it reached "any building, structure, *[or] land, water, or air vehicle*")). However, the Magistrate Judge further explained that "this does not mean that federal, generic burglary cannot encompass the burglary of any movable structure when such structure is used as a habitation." *See id.* The Magistrate Judge relied on *United States v. Spring*, 80 F.3d 1450, 1462 (10th Cir. 1996), in which the Tenth Circuit considered whether a Texas statute prohibiting burglary of a "habitation," defined as "a structure or vehicle that is adapted for the overnight accommodation of persons," is broader than the federal, generic elements of burglary, as defined in *Taylor*. *Id.* The Magistrate Judge explained:

> The Tenth Circuit held that 'the statutory elements of burglary of a habitation under Texas law substantially correspond to the generic elements of burglary contained in *Taylor*,' explaining that 'the Texas Code definition of habitation does not include vehicles in the sense in which *Taylor* intended' and, instead, includes '[o]nly vehicles which are adapted for the overnight accommodation of persons.' . . . In reaching this conclusion, the Tenth Circuit noted that '[t]he burglary of a mobile home or 'vehicle adapted for the overnight accommodation of persons' is not analogous to the theft of an automobile or to the other property crimes whose relative lack of severity the *Taylor* Court (and presumably, Congress) meant to exclude from its generic definition.' Therefore, the Tenth Circuit found that the burglary of a mobile home or similar structure is more like the burglary of a home than a vehicle, and even stated that

> burglary of a mobile home or camper 'is often likely to pose a greater risk of violence to the occupant or owner than the burglary of a building or house because it is more difficult for the burglar to enter or escape unnoticed.'

*Id.* (quoting *Spring*, 80 F.3d at 1462, citation and internal quotation marks omitted). Similarly, the Magistrate Judge explained that in *United States v. Ramon Silva*, 608 F.3d 663, 668 (10th Cir. 2010) the Tenth Circuit found that "the generic definition [of burglary] broadly construes the possible settings for burglary," and is not restricted to "permanent" spaces "designed for human habitation or business." [*Doc. 12* at 13] (citations and internal quotation marks omitted).

For all of these reasons, the Magistrate Judge found that § 30-16-3 is divisible into subsections A (residential burglary) and B (non-residential burglary), and that subsection A is not broader than the federal, generic definition of burglary, meaning that Defendant's convictions for residential burglary fall under the enumerated clause of the ACCA, and Defendant was properly sentenced. *See id.* at 14.

### Defendant's Objections

Defendant first objects to the Magistrate Judge's finding that New Mexico's residential burglary provision meets the definition of federal, generic burglary, as that is defined in *Taylor* and *Mathis*, asserting that *State v. Romero*, 1998-NMCA-057, 125 N.M. 161, 958 P.2d 119 demonstrates that under New Mexico law a "dwelling house" can be a moveable structure, including a vehicle, trailer, watercraft, or aircraft, and that the statement in *Ruiz*, to the effect that trespass would not be a lesser included offense of a burglary of "a vehicle, watercraft or aircraft," is incorrect. [*Doc. 13* at 3-4]. Relying heavily on the term "structure" in New Mexico's jury instruction definition of "dwelling house,"[2] Defendant contends that "[w]hat distinguishes a

---

[2] N.M.R.A. Crim. UJI 14-1631 defines "dwelling house" as "any structure, any part of which is customarily used as living quarters."

8

'dwelling house' from other places that can be burglarized is simply whether 'any part of [the structure] is customarily used as living quarters.'" *Id*. at 4 (quoting N.M.R.A. Crim. UJI 14-1631 (2016), bracketed content added by Defendant). Although he concedes that "structure" is not separately defined, Defendant suggests that both the burglary statute and case law "demonstrate that 'a structure,' and thus 'a dwelling house,' can include movable vehicles." *Id*. at 5.

The Court finds that this objection should be overruled. The Court rejects Defendant's reliance on *Romero* for the same reasons the Magistrate Judge rejected his reliance on *Anaya* and *Daugherty* -- that is, because the statute at issue in these cases is New Mexico aggravated burglary, not New Mexico residential burglary. *See* [*Doc. 12* at 11-12]. As explained by the Magistrate Judge, New Mexico's aggravated burglary statute is not split into subsections, and, thus, state court decisions considering this statute do not support a finding that New Mexico's residential burglary statute necessarily encompasses mobile homes or trailers. *See id.* In addition, the Court agrees with the Magistrate Judge that the remaining cases upon which Defendant relies for this objection are not applicable to residential burglary under § 30-16-3(A). Rather, those cases either discussed § 30-16-3 *before* it was divided into subsections (*see State v. Hudson*, 1967-NMSC-164, 78 N.M. 228, 430 P.2d 386 (1967)),[3] considered only whether a fence is a "structure" under § 30-16-3(B) (*State v. Foulenfont*, 1995-NMCA-028, 119 N.M. 788, 895 P.2d 1329), or determined what constitutes "entry" of a vehicle under § 30-16-3 (*New Mexico v. Office of the Public Defender ex rel. Muqqddin*, 2012-NMSC-029, __ N.M. __, 285 P.3d 622). *See* [*Doc. 12* at 10-11]. What these cases did not consider is whether a "dwelling house" under § 30-16-3(A) may be a vehicle, watercraft, aircraft, or movable structure. Finally, the Court agrees with the Magistrate Judge that Defendant's interpretation of subsection (A) as

---

[3] *See* Committee Commentary to UJI 14-631, noting that "[u]nder a case decided prior to the division of burglary into third and fourth degree felonies, the supreme court upheld the conviction of a charge of burglary of a dwelling house where the victim slept on a cot in his drugstore" (citing *Hudson*).

9

encompassing burglary of any and all residential "structures," in which he includes vehicles, watercraft, and aircraft, would render subsection (B) of the statute superfluous, and strains the plain meaning of the residential burglary portion of the statute. *See* [*Doc. 12* at 10]. As explained in the PF&RD, *Mathis* does not allow the Court to analyze a statute globally when the statute, as the New Mexico burglary statute here, is divisible. *See id.* at 8 and 10 (relying on *Mathis*, 136 S.Ct. at 2256, which states that "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means"). For these reasons, the Court finds that Defendant's objection is without merit, and shall be overruled.

Defendant's next objection is to the PF&RD's alternative finding that federal, generic burglary appears to apply to mobile homes, trailers, or similar structures used as habitations. *See* [*Doc. 13* at 8-12]. Defendant contends that the Magistrate Judge incorrectly relied on *United States v. Spring,* 80 F.3d 1450 (10th Cir. 1996) and *United States v. Ramon Silva*, 608 F.3d 663 (10th Cir. 2010) for this finding, because Defendant contends that the Supreme Court in *Mathis* "has since unequivocally emphasized that the proper analysis is not whether a particular offense 'substantially corresponds' to the generic offense but rather, 'whether the elements of the crime of conviction sufficiently *match* the elements of generic burglary, while ignoring the particular facts of the case.'" *Id.* at 9 (quoting *Mathis*, 136 S.Ct. at 2248, emphasis added by Defendant). The Court finds that, in making this objection, Defendant conflates semantics with holdings. In *Mathis*, the Court simply used the term "sufficiently match" in describing what was already known as the "categorical approach," without in any way suggesting that those particular words were different from, or were intended to replace, similar phrases such as "substantially corresponds," "essentially the same," or any other combination of words that effectively convey the same

10

meaning. Additionally, the Supreme Court in *Mathis* did not indicate any intent to revise prior law. Instead, it notes that "[f]or more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate, if, but only if, its elements are the same as, or narrower than, those of the [federal] generic offense." 136 S.Ct. at 2247. The Court then describes the issue presented to it in that case as "whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." *Id*. at 2248. As already discussed, since the New Mexico burglary statute is divisible into residential and non-residential elements, only the residential burglary elements are compared to the federal, generic burglary elements in this case. Therefore, the Court agrees with the Magistrate Judge that, "since mobile homes, trailers, and similar structures used for habitation appear to satisfy the federal, generic definition of burglary's locational element, the Court rejects Defendant's contention that New Mexico cases finding that residential burglary includes these structures as well renders New Mexico's residential burglary statute broader than the federal, generic definition." [*Doc. 12* at 13]. The Iowa burglary statute at issue in *Mathis* was rejected because it applied, without division, to "any building, structure, [or] land, water, or air vehicle," (Iowa Code § 702.12 (2013)), which the parties all agreed "cover[ed] more conduct than [federal] generic burglary." *Mathis*, 136 S.Ct. at 2250. However, the PF&RD in this case does not suggest that federal, generic burglary includes vehicles which are primarily used for transportation (such as the ones listed in the Iowa statute and subsection B of § 30-16-3), nor does *Mathis* hold that structures which are primarily residential (such as mobile homes or trailers), are excluded from generic burglary. For all of these reasons, the Court finds this objection to be without merit.

For the reasons stated above, the Court will overrule Defendant's objections and will adopt the findings in the PF&RD. Because the Court finds that subsection A of § 30-16-3 is not broader

11

than the federal, generic definition of burglary, Defendant's residential burglary convictions fall under the enumerated clause of the ACCA, and Defendant was properly sentenced.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

1. Defendant's objections to the PF&RD [*Doc. 13*] are **OVERRULED**;

2. The *Proposed Findings and Recommended Disposition* (*Doc. 12*) are **ADOPTED**;

3. Defendant's § 2255 motion (*Doc. 1*) is **DENIED**; and

4. This case shall be **DISMISSED with prejudice**, and a final judgment will be entered concurrently with this order.

**IT IS SO ORDERED.**

 _____
 **THE HONORABLE MARTHA VÁZQUEZ**
 **UNITED STATES DISTRICT JUDGE**